claim. The contention of the appellees is that the right has been extinguished by mismanagement of Louis Delcambre, survivor in community.

We do not propose to decide that question at this time. It can be postponed until all the other questions involved shall have been settled. If a satisfactory settlement be made, and a good and sufficient showing, then it may be that it will appear that the survivor in community is entitled to the usufruct. In the meantime the claim will have to remain in abeyance; that is, the claim, provided it has not been extinguished by reasons urged by appellees. We are quite convinced that the right cannot be asserted to prevent the liquidation of the succession. Romero, Succession of, 42 La. Ann. 896, 8 South. 632.

Leaving this right, whatever it is, in this situation, will not prevent a settlement.

It is therefore ordered, adjudged, and decreed that the judgment appealed from is affirmed in all respects, except as relates to the demand of Louis Delcambre, surviving partner in community, to be recognized as usufructuary of property belonging to heirs of Adelaide Landry, and coming from the shares of the community. His demand, if there is anything in it, shall remain in abeyance until after the liquidation and settlement of the succession. The appellees to pay the cost of the appeal.

(43 South. 815.)

No. 16,526.

STATE ex rel. ELLIS, Dist. Atty. Pro Tem., et al. v. VILLAGE OF PEARL RIVER et al.

(April 15, 1907. Rehearing Denied May 13, 1907.)

APPEAL — DISMISSAL — JURISDICTIONAL AMOUNT.

This action is brought by four persons, who allege themselves to be residents of the place known as Pearl River and to be taxpayers therein. They seek to have the incorporation of the village set aside on the ground that at the time of its incorporation it did not have the number of inhabitants which the law required in order to be legally entitled to incorporation, that the census on which the incorporation was based was false and untrue, and that the Governor, in acting upon it, did so in error of fact. The defense excepted that the Governor alone had power and authority to set aside his own action; that the courts were without jurisdiction in the premises. The exception was sustained, and the suit was dismissed, and the plaintiffs appealed.

The appeal is dismissed, for the reason that the Supreme Court has no appellate jurisdiction of the cases. There is no allegation showing that either one of the plaintiffs, or all combined, had, as taxpayers, an interest sufficient to bring the case by appeal to the Supreme Court, nor what amount of taxes had gone or would go into the hands of the village authorities. The appeal as to jurisdiction is governed by the ordinary rules on that subject.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 2310.]

(Syllabus by the Court.)

Appeal from Twenty-Sixth Judicial District Court, Parish of St. Tammany; Thomas Moore Burns, Judge.

Action by the state, on the relation of Harvey E. Ellis, district attorney pro tem., and others, against the village of Pearl River and others. From a judgment for defendants, plaintiffs appeal. Dismissed.

Ellis & White, for appellants. Benjamin Moore Miller and Lewis Lovering Morgan, for appellees.

NICHOLLS, J. The object of the present suit is to set aside the incorporation of a village in the parish of St. Tammany, acting under the name of Pearl River, on the ground that it is not duly and legally incorporated. The plaintiffs are residents and taxpayers of the place, joined by Harvey E. Ellis, district attorney pro tem., appointed to act in conjunction with them in lieu of the district attorney, who had been declared recused. The petition alleges that the Governor of the state, in pursuance of Act No. 136, p. 224, of 1898, did, on May 24, 1906, issue and cause to be published his proclamation incorporating said village, and thereafter ap-

pointed and commissioned certain persons as the officials thereof. The petition further alleges:

That said proclamation was based on a petition and census setting forth that at least 250 inhabitants resided within the proposed limits of said village; but that said representation and census as to the number of inhabitants of said place were false and untrue, there really being at the time less than 220 bona fide inhabitants within the limits of said village. That the Governor was deceived and misled by said false statements and representations, and was induced thereby to issue said proclamation and to appoint and commission said officers.

That acting under color of their appointment said officers have been for some months past, and are now, exercising corporate and administrative functions and powers, and conducting a municipal government for the said village of Pearl River, without any real or legal right so to do. That they, as well as other persons associated or acting with them, should be prevented from exercising corporate powers and functions for and in behalf of the village of Pearl River, for the reason that said place was never legally incorporated. That petitioners are residents and taxpayers of said hamlet of Pearl River, and are entitled under the law to sue to prevent the usurpation and exercise of municipal powers and functions by the persons claiming to be the officers of said pretended village, and to set aside the incorporation of said place as a village, for the reason that the same was not legally incorporated, as hereinbefore set forth.

And the prayer of the petition is that there be judgment "decreeing that the said village of Pearl River was not duly and legally incorporated as a village and is without authority to exercise corporate functions or municipal powers."

The defendant filed certain exceptions, which set forth that the court had no jurisdiction of this suit, or of the matters and things alleged in the petition therein, and should not take cognizance thereof, for this:

That by the laws of the state of Louisiana the Governor of the state is vested with the sole power and authority to establish and incorporate villages, and to decide and determine whether the facts alleged in an application for the incorporation of a village are true, and sufficient to authorize and warrant such incorporation.

That it is alleged in the petition filed in this action that an application was presented to the Governor of the state of Louisiana to incorporate the village of Pearl River, and that the Governor did incorporate such village of Pearl River in accordance with such application and upon the facts stated herein.

That the decision and act of the Governor in such matter was and is final and conclusive, and can be reviewed or set aside, if at all, by the Governor alone, and that the courts of the state of Louisiana have no jurisdiction, power, or authority, under the laws or Constitution of the state, to revise, overrule, or set aside the act of the Governor of the state, done and performed in pursuance of the authority vested in him alone.

And, not waiving the foregoing exception, but relying thereon, and in case only that the same is overruled, for a further exception defendants say:

"That Harvey E. Ellis, Esq., named and designated in the plaintiffs' petition as district attorney pro tempore, has no right or authority to bring this suit, because said Harvey Ellis has never been legally appointed district attorney pro tempore, and because Joseph B. Lancaster is the duly elected and qualified district attorney, for the Twenty-Sixth judicial district of Louisiana and parish of St. Tammany, and at the time of the filing of this suit was, and is now, in the discharge of the duties of his office as such district attorney; and this suit, if any such suit can be legally brought, should be brought in his name and by authority as district attorney."

The first ground of exception was maintained by the district court, and the plaintiffs have appealed.

At the threshold of this case we are met by the question whether we have jurisdiction of the appeal which has been taken. Appellants do not in their petition set out that any one or all of them combined have a pecuniary interest in the matter involved in dispute which would bring the controversy within the appellate jurisdiction of the Supreme Court. The fact that the district court has jurisdiction over the matter in litigation, and that there was an appeal to some other tribunal from the judgment rendered, does not carry with it as a consequence that this court should be that tribunal. It may be conceded that the plaintiffs are taxpayers and residents, as alleged by themselves; but they do not set out what amount of taxes each of them, or all of them combined, are called on to pay, or what amount of funds will or may go into and under the control of the village under its power of taxation. Section 2604 of the Revised Statutes refers to appeals in such cases as having to be submitted to the Supreme Court "as in other cases."

Viewing the statute even from the standpoint of "intention," and leaving out of view any question as to its power to control the jurisdiction of this court, it is evident that the General Assembly did not contemplate that all appeals touching the matters covered by the various sections of the Revised Statutes (of which that particular section was one) should be brought to this court.

There is nothing in the subject-matter of this suit which by reason of its character would withdraw from the Court of Appeals appellate jurisdiction, if the matter in dispute was as to amount or value such as to make it appealable to it. It is not our province to say whether that case is one so appealable or not. It is enough for us to say that it is not appealable to this court.

The appeal is therefore dismissed.